IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LONNIE D. CHATMAN,<br><br>     Plaintiff. | C 09-2460 MMC (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket Nos. 6 & 7)** |

On June 3, 2009, the instant action was opened when plaintiff, a California prisoner incarcerated at the California Institution for Men ("CIM") in Chino, California, and proceeding pro se, filed a letter addressed to the Clerk of the Court. In said letter, plaintiff wrote that his state petition for a writ of habeas corpus, challenging matters pertaining to petitioner's parole, had recently been denied by the San Bernardino County Superior Court, and that he had filed grievances at CIM because he had been denied access to legal mail and materials. Attached to the letter were copies of prison grievances requesting access to medication, and a hand-written copy of the state court habeas petition.

On the same date the instant action was opened, the Clerk sent plaintiff two notices. The first notice informed plaintiff that the action was deficient due to plaintiff's failure to submit a complaint, and advised plaintiff that his failure to submit a complaint within thirty

days would result in dismissal of the action.[1]  The second notice informed plaintiff that the action was deficient due to plaintiff's failure to either pay the requisite filing fee or submit a completed court-approved in forma pauperis ("IFP") application, and advised plaintiff that his failure to either pay the fee or, alternatively, submit an IFP application, within thirty days, would result in dismissal of the action.[2]

Before the thirty-day deadline had passed, however, the Court, upon closer review of plaintiff's letter, determined that plaintiff was not attempting to open a civil rights action in this court, but, rather, was asking the Clerk to inform Judge Thelton Henderson of this court with respect to measures plaintiff was taking pertaining to the conditions of his confinement at CIM and his challenges to his parole.  Consequently, the Court, by order filed June 16, 2009, determined the action had been opened in error when plaintiff sent the above-described letter, and directed the Clerk to administratively close the case and return to plaintiff the documents filed therein.  Additionally, the Court informed plaintiff that his letter would not be forwarded to Judge Henderson as plaintiff does not have a case pending before Judge Henderson and the contents of the letter pertain to events arising in San Bernardino County, which is located within the venue of the United States District Court for the Central District of California, not the Northern District.  (See Order, filed June 16, 2009, at 2:5-11 & n.3.)

Thereafter, plaintiff filed, in the same action, a 42 U.S.C. § 1983 form complaint alleging prison officials at CIM were opening his legal mail and denying him access the law library.  (Docket No. 5.)  Plaintiff also filed an IFP application.  (Docket No. 6.)  Several days later, plaintiff filed a motion for reconsideration of the Court's order administratively closing the case, on the ground that he had timely complied with the Court's directive to file a civil rights complaint.  (Docket No. 7.)

The Court finds reconsideration is not warranted.  Although plaintiff did timely file a

---

[1]Along with said notice, plaintiff was sent a copy of the Northern District's civil rights complaint form, instructions for completing it, and a return envelope.

[2]Along with said notice, plaintiff was sent a copy of the Northern District's IFP application, instructions for completing it, and a return envelope.

civil rights complaint, the Northern District is not the proper venue for any of the claims raised in the complaint.  Consequently, the complaint is subject to dismissal.  See 28 U.S.C. § 1406(a).  In particular, as was explained to plaintiff in the order administratively closing the case, San Bernardino County, wherein CIM is located, lies within the venue of the United States District Court for the Central District of California.  See 28 U.S.C. § 84(c).  Thus, plaintiff's claims must be brought in a complaint filed in the Central District, not the Northern District.

      Accordingly, plaintiff's motion for reconsideration is hereby DENIED.  Further, as no action is pending before the Court, plaintiff's application to proceed IFP is hereby DENIED as moot.

      This order terminates Docket Nos. 6 and 7.

      IT IS SO ORDERED.

DATED: March 12, 2010

_____
MAXINE M. CHESNEY
United States District Judge

3